UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR GABRIEL PERDOMO VARNICAR (A# 221-489-503),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-2054 DC AC<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 6, 8) |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). Pending before the undersigned are the petition for writ of habeas corpus, respondents' motion to dismiss, and petitioner's motion for expedited relief. ECF Nos. 1, 6, 8.

FACTUAL BACKGROUND

Petitioner, Hector Gabriel Perdomo Varnicar (A# 221-489-503), a national and citizen of Honduras, entered the United States without inspection over twenty years ago. ECF No. 1 (Verified Petition) ¶¶ 1, 21. On January 23, 2026, while petitioner was retrieving his wallet from his vehicle outside his neighborhood barbershop, Immigration and Customs Enforcement ("ICE") officers arrested and detained petitioner without a warrant and without providing him an

1

opportunity to respond and present evidence. Id. ¶¶ 10, 23-24; ECF No. 6-1. Petitioner has remained in ICE custody and is currently detained at California City Detention Center. ECF No. 1 ¶¶ 25-26. Petitioner's removal proceedings are pending.[1]

## PROCEDURAL BACKGROUND

Petitioner, through counsel, filed a petition for writ of habeas corpus, challenging his immigration detention. ECF No. 1. The undersigned issued a briefing order directing respondents to show cause why the writ should not be granted. ECF No. 5. Respondents were given fourteen days to respond. Id. Petitioner was given seven days from the date of being served with respondents' response to file a reply, if any. Id. In response, respondents filed a combined motion to dismiss and response to the petition. ECF No. 6. Petitioner replied and filed a motion for expedited relief. ECF Nos. 7, 8.

## PETITION FOR WRIT OF HABEAS CORPUS

The petition asserts petitioner's detention violates (1) the Fifth Amendment Due Process Clause; (2) the Fourth Amendment; (3) the Immigration and Nationality Act ("INA"); (4) 8 U.S.C. § 1357(a)(2); and (5) 8 C.F.R. § 287.8(c)(2)(ii). ECF No. 1 ¶¶ 44-69. The petition seeks petitioner's immediate release, an injunction against his re-detention without prior written notice and an opportunity to respond with counsel, for any pre-final order detention, and an award of reasonable costs and attorney fees. Id. at p.16.

## LEGAL STANDARD

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The writ of habeas corpus extends to a prisoner

---

[1] The Executive Office for Immigration Review ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/, indicates that petitioner has an upcoming master hearing on June 4, 2026. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

who "is in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001) (citation omitted), superseded by statute on other grounds, Nasrallah v. Barr, 590 U.S. 573580 (2020).  "District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]"  Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

DISCUSSION

A.  Count Three – Violation under the INA[2]

Count Three alleges petitioner is subject to detention under 8 U.S.C. § 1226(a) and statutorily entitled to a bond hearing, but that he has been unlawfully detained under 8 U.S.C. § 1225(b)(2), a mandatory detention provision of the INA, and has been denied a bond hearing. ECF No. 1 ¶¶ 59-62.  Respondents' motion to dismiss and response to the petition argues that petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  ECF No. 6 at 1-2.[3]

This court has previously addressed the legal issues raised by Count Three of the petition (INA claim), ECF No. 1 ¶¶ 59-62, and rejected respondents' arguments.  Sharma v. Warden of the Golden States Annex Det. Facility, No. 1:25-cv-1861 AC, 2026 WL 1162718 (E.D. Cal. Apr. 29, 2026); Garcia-Castillo v. Noem, No. 1:26-cv-0058 DAD AC, 2026 WL 1088807 (E.D. Cal.

---

[2]  Because as discussed below, relief is appropriate on Count Three, the court declines to address petitioner's other claims, as they seek the same or similar relief (i.e., petitioner's immediate release).

[3]  Respondents also argue that petitioner's prior release does not convert petitioner's presence into an "admission."  ECF No. 6 at 2.  Because neither party presents evidence of petitioner's prior detention and release, the undersigned disregards this argument as inadvertently included. Nonetheless, the undersigned notes that even if this argument were relevant, it does not alter the recommendation in this case.

3

Apr. 22, 2026); Sut Pol v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-1155 DJC AC, 2026 WL 981163 (E.D. Cal. Apr. 13, 2026); Santos v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-1497 DC AC, 2026 WL 836360 (E.D. Cal. Mar. 26, 2026).  In doing so, this court has "repeatedly and overwhelmingly concluded that when a noncitizen is detained within the interior of the United States, the appropriate detention statute is 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)."  Sharma, 2026 WL 1162718, at *4 (collecting cases); see also Garcia-Castillo, 2026 WL 1088807, at *2 ("this court has generally found that § 1226(a) rather than § 1225(b)(2) applies to noncitizens living in the United States who, prior to their current detention, had not be detained by immigration authorities and are not subject to mandatory detention under § 1226(c) or post-removal order detention under § 1231) (collecting cases); Sut Pol, 2026 WL 981163, at *2 (finding "petitioner, who was not apprehended upon arrival and has been living in the United States for several years, is not lawfully detained under 8 U.S.C. § 1225(b)(2)[,]" and that "the relevant detention authority is 8 U.S.C. § 1226(a), which entitles petitioner to a bond hearing"); Santos, 2026 WL 836360 (finding that, because the case is substantively indistinguishable from Alvarez-Maciel v. Noem, No. 1:26-cv-1318 DC CKD, 2026 WL 496948, at *2 (E.D. Cal. Feb. 23, 2026), "petitioner, who entered the United States without inspection and resided in the United States for approximately twenty-eight years before he was detained by ICE, is subject to discretionary detention under 8 U.S.C. § 1226(a) and entitled to a bond hearing").  Because petitioner was arrested within the interior of the United States and has resided in the United States for over twenty years, his detention is governed by 8 U.S.C. § 1226(a) and he is entitled to a bond hearing.

Recently, in Ballen-Ramirez, the undersigned addressed respondents' argument—that petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)—in more detail.  Ballen-Ramirez v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-2971 DAD AC, 2026 WL 1329861, at *4-6 (E.D. Cal. May 13, 2026).  There, the undersigned noted that respondents' argument "has been tried, tested and overwhelmingly rejected by this court, hundreds of district courts throughout the United States, and four federal circuit courts."  Id. at *4.  The undersigned discussed the Eleventh Circuit's

4

decision in Hernandez-Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, __ F.4th __, 2026 WL 1243395 (11th Cir. May 6, 2026), which held, after examining the plain text of § 1225(b)(2)(A) and the supplemental definition chosen by Congress in the INA, that only certain types of "applicants for admission" (defined as a noncitizen present without admission or who arrives in the United States) fall within the scope of 8 U.S.C. § 1225(b)(2)). Id. at *5.

The undersigned noted that the decision in Hernandez-Alvarez is consistent with the Second and Sixth Circuit's recent rulings, and Judge Lee's opinion in the Seventh Circuit, but inconsistent with the Fifth and Eighth Circuit's rulings. Id. at *4-5; Lopez-Campos v. Raycraft, Nos. 25-1965/1969/1978/1982, __ F.4th __, 2026 WL 1283891, at *3-6 (6th Cir. May 11, 2026) (holding that the statute's text, "[c]ontextual and structural considerations," and "the government's previously unbroken 29-year streak of applying § 1226(a) as opposed to § 1225(b)(2)(A) to noncitizens" who have been present in the United States for years, all support finding that "an 'applicant for admission' is not necessarily 'seeking admission'"); Castañon-Nava v. U.S. Dep't of Homeland Sec., No. 25-3050, __ F.4th __, 2026 WL 1223250, at *22 (7th Cir. May 5, 2026) (Lee, J.) (holding that "the text, statutory context, legislative history, and long-standing Executive practice all confirm that § 1225(b)(2)(A) applies to 'applicants for admission' who are *seeking* lawful entry at the border or ports of entry and not to noncitizens unlawfully living in the country's interior"); Barbosa da Cunha v. Freden, No. 25-3141, __ F.4th __, 2026 WL 1146044, at *6-9 (2d Cir. Apr. 28, 2026) (holding that the court's "commonsense reading of the text in Section 1225(b)(2)(A) squares with plain meaning of 'seeking admission' and gives effect to each clause and word that Congress chose to write," and "therefore applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization"); but see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-08 (5th Cir. 2026) (holding that noncitizens present in the United States without lawful admission are "applicants for admission" under 8 U.S.C. § 1225(a)(1) and therefore subject to mandatory detention under § 1225(b)(2)(A)); Avila v. Bondi, 170 F.4th 1128, 1138 (8th Cir. 2026) (holding a noncitizen present in the United States without having been admitted is both an "applicant for admission" and "seeking admission" and therefore subject to

mandatory detention without bond under § 1225(b)(2)(A)).

Finding Hernandez-Alvarez, Barbosa da Cunha, Lopez-Campos, and Judge Lee's opinion in Castañon-Nava v. U.S. Dep't of Homeland Sec. to be well-reasoned, thorough, and persuasive, the undersigned found that

> (1) "applicant for admission" and 'seeking admission' in 8 U.S.C. § 1225(b)(2) are not synonymous and (2) to fall within the scope of § 1225(b)(2), the noncitizen must be an "applicant for admission" (i.e. a noncitizen arriving in the United States or present in the United States without having been granted lawful entry), who is seeking lawful entry into the United States after inspection and authorization, and not clearly beyond a double entitled to lawful entry.

Ballen-Ramirez, 2026 WL 1329861 at *5.  Applying this construction to the facts in Ballen-Ramirez, the undersigned found "that although petitioner is an 'applicant for admission' because he is present in the United States without having been granted lawful entry," he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because "at the time of his re-detention on March 17, 2026, he was not 'seeking' lawful entry into the United States after inspection and authorization."  Id. at *6.  Applying the same construction here, petitioner who has resided in the United States for over twenty years is an "applicant for admission" because he is present without having been lawfully admitted.  However, he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he was not "seeking" lawful entry into the United States after inspection and authorization when he was retrieving his wallet from his car outside his neighborhood barbershop on January 23, 2026.

This court has regularly found that when ICE unlawfully detains a noncitizen under 8 U.S.C. § 1225(b)(2) and does not afford him a bond hearing under 8 U.S.C. § 1226(a), as is the case here, the appropriate remedy to preserve the *status quo ante litem* is release.  Garcia-Castillo, 2026 WL 1088807, at *2 (collecting cases).

Because respondents have not made any other legal arguments that distinguish petitioner's case from the undersigned's prior findings and recommendations in the above referenced cases and this court's rulings in Alvarez Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026), Barajas Ortiz v. Chestnut, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026), and Zuniga Cruz v. Noem, No. 1:26-cv-01818-DC-EFB,

2026 WL 890471 (E.D. Cal. Mar. 31, 2026), the undersigned recommends that petitioner's petition for writ of habeas corpus (ECF No. 1) be granted as to Count Three for the reasons set forth in Garcia-Castillo, Sut Pol, Santos, Ballen-Ramirez, Alvarez Maciel, Barajas Ortiz, and Zuniga Cruz and that petitioner be released immediately.  See Alvarez Maciel, 2026 WL 496948 (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); Barajas Ortiz, 2026 WL 508419 (same as to noncitizen who had lived in United States for over 30 years); Zuniga Cruz, 2026 WL 890471 (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention).

B.  Respondents' Request For Abeyance

Respondents assert the petition should be denied or alternatively the case should be held in abeyance pending the Ninth Circuit's resolution of Rodriguez v. Bostock, No. 25-6842 (9th Cir). Id. at 2.  The court, however, should decline to hold the petition in abeyance for two reasons.  First, the timeline for a decision in Rodriguez v. Bostock is uncertain.  Second, respondents have failed to show abeyance is proper or warranted.  See Am. Life Ins. Co. v. Stewart, 300 U.S. 203, 215 (1937) ("In the exercise of a sound discretion," a court may "hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same."); Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (the court must weigh "'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962))); Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) ("'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" (quoting Landis v. N. Am. Co., 299 U.S. 248, 255 (1936))).

////

C.  Petitioner's Motion for Expedited Relief

Petitioner filed a motion for expedited relief.  ECF No. 8.  Due to the volume of pending cases in this court, the undersigned was unable to expedite findings and recommendations in this case.  However, as noted below, the undersigned has now issued findings and recommendations on the petition, which should lead to a prompt resolution of this matter.  Accordingly, petitioner's motion for expedited relief is denied as moot.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that petitioner's motion for expedited relief (ECF No. 8) is DENIED as MOOT.

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's petition for a writ of habeas corpus (ECF No. 1) be GRANTED on Count Three (INA claim) and petitioner's request for attorney's fees and costs be DENIED without prejudice to bringing a properly noticed and supported motion.

2.  Respondents be ORDERED to:

a.  IMMEDIATELY RELEASE petitioner from custody.

b.  RETURN all of petitioner's documents and possessions upon his release from custody.

c.  FILE a notice of compliance within three (3) days of any order adopting these findings and recommendations, confirming petitioner's release from custody and the return of his documents and possessions.

3.  Respondents be PERMANENTLY ENJOINED and RESTRAINED from attempting to re-detain petitioner unless they comply with the requirements under 8 U.S.C. § 1226(a) and its implementing regulations.

4.  The order enjoining respondents state that the order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

5.  Respondents' motion to dismiss (ECF No. 6) be DENIED.

6. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 27, 2026

_____

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE